```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| DORA W. MOORE, | ( |
| Plaintiff, | ( |
| vs. | ( No. 06-2163-Ml/P |
| JOHN E. POTTER, | ( |
| Defendant. | ( |

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER DISMISSING COMPLAINT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Dora W. Moore filed a <u>pro</u> <u>se</u> employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Based on the information contained in the plaintiff's affidavit, the motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

The plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1),

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard</u>
(continued...)

"upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). Because this case is to be dismissed, the motion is DENIED.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)  is frivolous or malicious;

---

¹      (...continued)
v. United States Dist. Court, 490 U.S. 296, 310 (1989).

>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Title VII prohibits an employer from discriminating against an employee on the basis of her race, color, sex, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Id., § 2000e-3(a).

This case concerns the denial of backpay due to plaintiff's alleged refusal to submit to a fitness-for-duty exam, a matter which was the subject of a grievance arbitration hearing. The plaintiff's complaint and its various attachments, even construed liberally as required by Haines v. Kerner, 404 U.S. 519 (1972), do not allege that the plaintiff was denied back pay because of her race, color, sex, religion, or national origin. Instead, the complaint alleges that denial occurred because of the "bogus report" and false statements of supervisors. The action of management in denying backpay is not cognizable under Title VII because the subject matter of the complaint was not a violation of Title VII.

Furthermore, plaintiff was advised in her EEO decision that:

> The Commission has previously held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. Kleinman v. U.S. Postal Service. EEOC Request No. 05930106 (June 24, 1993). The Commission has also held that a complainant should not used the EEO process to raise a matter more appropriately brought to its negotiated grievance process. Willis v. Dept. of Defense, EEOC Request No. 05970596 (July 30, 1998).
>
> A fair reading of your complaint suggests that you are alleging discrimination when a supervisor's [sic] provided testimony at a grievance arbitration hearing that you refused to see another doctor for a fitness-for-duty examination. It is your contention that this testimony resulted in an adverse decision from the arbitrator who decided you would not be entitled to receive backpay. In the instant case, the proper forum for you to have raised your allegation was with the arbitrator or during the grievance appeal proceedings, not the EEO. Therefore, this issue of your complaint is being dismissed for failure to state a claim due to lodging a collateral attack on another forum's proceeding.

Because the complaint does not state a viable Title VII claim, the Court DISMISSES it, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), as frivolous and for failure to state a claim on which relief can be granted.

The final issue to be addressed is whether the plaintiff should be allowed to appeal this decision in forma pauperis, should she choose to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must seek pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization

4

unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis, along with a supporting affidavit, in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, she must pay the $255 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 31st day of March, 2006.

/s/ Jon P. McCalla  
JON PHIPPS MCCALLA  
UNITED STATES DISTRICT JUDGE

5